﻿Citation Nr: AXXXXXXXX
Decision Date: 07/26/19 Archive Date: 07/25/19

DOCKET NO. 190620-12547
DATE: July 26, 2019

ORDER

Entitlement to special monthly compensation (SMC) based on aid and attendance or an account of being housebound is denied.

FINDINGS OF FACT

1. Service connection is in effect for posttraumatic stress disorder (PTSD), evaluated as 100 percent disabling; tinnitus, evaluated as 10 percent disabling; and bilateral hearing loss, evaluated as 20 percent disabling.

2. As a result of his service-connected disabilities, the Veteran is not rendered so helpless as to need regular aid and attendance, and he is not permanently and substantially confined to his immediate premises due solely to his service-connected disabilities.

CONCLUSION OF LAW

The criteria for SMC based on aid and attendance or housebound status have not been met. 38 U.S.C. §§ 1114, 5107; 38 C.F.R. §§ 3.350, 3.352.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active military service from August 1950 to August 1953.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 AMA rating decision of a VA Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework. In June 2019, the Veteran selected the Direct Review by a Veterans Law Judge (VLJ) option, indicating that the Veteran did not want a Board hearing and would not be submitting additional evidence in support of their appeal. The Board is aware of additional evidence received from the Veteran subsequent to the June 2019 AMA rating decision. As the Veteran has elected for direct review under the AMA, this evidence cannot be considered by the Board in the context of the present appeal. He the option of subsequently electing a supplemental claim, however.

For entitlement to SMC based on the need for aid and attendance under 38 U.S.C. § 1114(l), the evidence must show that the Veteran experienced the anatomical loss or loss of use of both feet, one hand and one foot, blindness in both eyes with visual acuity of 5/200 or less, or being permanently bedridden or so helpless as a result of service-connected disability that he or she is in need of the regular aid and attendance of another person. 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b).

The following will be accorded consideration in determining the need for regular aid and attendance: inability of claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustment of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); inability of claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his daily environment. “Bedridden” will be a proper basis for the determination. 38 C.F.R. § 3.352(a). It is not required that all of the disabling conditions enumerated in 38 C.F.R. § 3.352(a) be found to exist before a favorable rating may be made. The particular personal functions which the Veteran is unable to perform should be considered in connection with his condition as a whole. It is only necessary that the evidence establish that the Veteran is so helpless as to need regular aid and attendance, not that there is a constant need. 38 C.F.R. § 3.352(a).

To establish entitlement to SMC based on housebound status under 38 U.S.C. § 1114(s), the evidence must show that the Veteran has a single service-connected disability evaluated as 100 percent disabling and an additional service-connected disability, or disabilities, evaluated as 60 percent or more disabling that is separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems; or, the Veteran has a single service-connected disability evaluated as 100 percent disabling and due solely to service-connected disability or disabilities, the Veteran is permanently and substantially confined to his or her immediate premises. 38 C.F.R. § 3.350(i).

Service connection is in effect for PTSD, evaluated as 100 percent disabling; tinnitus, evaluated as 10 percent disabling; and bilateral hearing loss, evaluated as 20 percent disabling.

In several lay statements from 2011 and 2013, the Veteran’s friends and family stated that he had difficulty hearing and understanding others, and he could be easily startled and made anxious by crowds due to his PTSD. 

During the Veteran’s August 2013 PTSD VA examination, the examiner noted that the Veteran suffered from depressed mood, anxiety, suspiciousness, chronic sleep impairment, difficulty in understanding complex commands, disturbances in mood and motivation, and difficulty in adapting to stress circumstances due to his PTSD. The examiner indicated that the Veteran’s PTSD resulted in total occupational and social impairment for the Veteran.

During the Veteran’s April 2019 Examination for Housebound Status or Permanent Need for Regular Aid and Attendance, the physician made multiple conclusions. The Veteran was overweight and required assistance for locomotion. He was not able to feed himself or cook due to severe tremors and weakness of hands. He also needed assistance bathing and tending to other hygienic needs due to dizziness, his inability to stand for long periods of time, and general difficulties with movement. The Veteran was legally blind, with no vision in his left eye and poor vision in his right eye, due to a nonservice-connected disability. The Veteran required assistance with medication management due to his poor vision. He had difficulties with posture and general appearance due to kyphosis, stiffness with joints, and limited mobility. His arms suffered from tremors that limited his ability to write, and they suffered from poor endurance as well. His legs also suffered from a lack of endurance due to neuropathy and were unsteady. The examiner stated that the Veteran left his home approximately three times per week to go to church or to a doctor’s appointment.

In a separate note, the examiner stated that the Veteran wore hearing aids for his service-connected hearing disability, and, due to his hearing issues, he could be easily startled, which would trigger his PTSD. The examiner also stated that the Veteran had little control over his bowels, no control over his bladder, poor balance, required a cane to stand, and could only walk short distances. Additionally, the Veteran asserts that he is housebound or requires aid and attendance due to his service-connected disabilities.

In this case, the competent evidence reflects that, as a result of his service-connected disabilities, the Veteran is not rendered so helpless as to need regular aid and attendance, and he is not permanently and substantially confined to his immediate premises due solely to his service-connected disabilities. Any significant limitations in that regard have been shown by the April 2019 examination and separate note to be due to symptoms not considered service connected, including severe tremors, dizziness, legal blindness, and joint symptoms. The Board certainly understands the profound social and occupational limitations resulting from the Veteran’s PTSD, which has been assigned a maximum 100 percent evaluation. The question in the present appeal, however, is whether PTSD, along with other service-connected disabilities, results in the specific type of limitations contemplated by the SMC criteria. In the present case, the preponderance of the competent evidence shows that such limitations are due to nonservice-connected disabilities, rather to PTSD or other service-connected disabilities. Moreover, neither the Veteran nor the noted lay witnesses have the training or credentials to competently ascertain which disabilities might cause the need for aid and attendance or housebound status. Their statements are accordingly of markedly lower probative value than the examination report, which links the Veteran’s limitations to his nonservice-connected disabilities. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

Because the preponderance of the evidence is against granting SMC in this case, the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107(b).

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Evan Thomas Hicks

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.